**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ZNG, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **NO. 3:24-CV-01982-O** |
| | § | |
| **COVINGTON SPECIALTY INSURANCE COMPANY,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**OPINION AND ORDER**

Before the Court is the motion of Defendant, Covington Specialty Insurance Company, for summary judgment. ECF No. 16. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion should be **GRANTED**.

## I. BACKGROUND

On May 17, 2024, Plaintiff, ZNG, Inc., filed its original petition in the 116th Judicial District Court, Dallas County, Texas. ECF No. 1-5. Plaintiff alleged that it is a subcontractor that provides light construction services including retail signage for general contractors. It purchased an insurance policy from Defendant and/or its associated companies, policy number VBA900688 (the "policy"). In early 2023, Plaintiff installed a sign for a Discount Tire location and approximately six months later, on August 17, 2023, the sign fell, damaging a vehicle, a window, and the sign. *Id.* at 2. Plaintiff made a claim for damages under the policy and Defendant paid for the vehicle damage but nothing else. Plaintiff sued for breach of contract and bad faith denial of coverage. *Id.* at 3–4.

The action was brought before this Court by notice of removal filed August 1, 2024, on the basis of diversity jurisdiction. ECF No. 1. Defendant noted that although Plaintiff alleged that it

was only seeking "monetary relief for actual damages of less than $74, 999.00," it had specifically alleged that Defendant was obligated to "pay for all damages available under Texas law," including the "cost of replacement of the sign, the window, and the travel costs for the general contractor and/or owner that were foreseeable, reasonable and directly related to the loss . . . along with exemplary damages." *Id.* at 4 (quoting original petition). In addition, Plaintiff alleged that it had to borrow money to pay for the costs at "a high rate of interest." Further, it asserted that if its business failed, the value of the business would be included in the damages associated with the bad faith claim. *Id.* at 4–5. In addition, Defendant noted that Plaintiff had originally filed another lawsuit based on the same facts that had been removed to this Court where it was assigned Civil Action No. 3:24-CV-00301-D. That action had been dismissed by stipulation based on Plaintiff's eminent bankruptcy, which never occurred. *Id.* at 5.

Plaintiff filed a motion to remand this action to the state court, arguing that the amount in controversy did not meet the $75,000.00 requirement. ECF No. 4. The Court denied the motion. ECF No. 15.

## II. GROUNDS OF THE MOTION

Defendant asserts four grounds in support of the motion. First, the policy does not afford coverage for the damages sought by Plaintiff because the policy exclusion for "your work" bars coverage. Second, the damages sought for reimbursement of travel expenses and a loan for those expenses are purely economic damages or consequential damages that are not covered under the policy. Third, Plaintiff has no cognizable claim for bad faith. And, fourth, Defendant previously paid Plaintiff for damages not barred by exclusion. ECF No. 16 at 1–2.

## III. APPLICABLE LEGAL PRINCIPLES

The Court must grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the Court that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. Once the movant has carried its burden, the nonmovant must identify specific evidence in the record and articulate the precise manner in which that evidence supports his or her claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The nonmovant cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## IV. ANALYSIS

In its response to Defendant's summary judgment motion, Plaintiff declines to address the merits of the motion, asserting that it wants to persist in its argument that the Court lacks jurisdiction over the action. ECF No. 19. It relies on the declaration of its owner filed in support of the motion to remand.[1] The declaration provides, in pertinent part:

> I made a timely claim under the company's insurance policy for the damages. Defendant covered some but not all of the damages. The insurance carrier refused to pay for the broken window or the value of the sign. My company was forced to pay $67,000 for the sign, the broken window, and labor costs, all of which

[1] The Court notes that the motion to remand falsely stated that "no bad faith denial of coverage [had been] alleged," ECF No. 4 at 3, when clearly it had. ECF No. 1-5 at 3–4.

> were covered losses under the policy. These are the damages I seek to recover through this lawsuit.

ECF No. 6 at App. 001–02. Of course, a declaration made after the notice of removal was filed does not deprive the court of jurisdiction. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Hamilton v. Mike Bloomberg 2020 Inc.*, 474 F. Supp. 3d 836, 844 (N.D. Tex. 2020). And, even if it had any bearing on the existence of jurisdiction, the declaration here is not an affirmation of a decision to irrevocably limit Plaintiff's recovery[2] for damages, as was the case in *Steele v. DynCorp Int'l, L.L.C.*, 82 F. Supp. 3d 699 (N.D. Tex. 2015). *See DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once the case is removed, later filings are irrelevant). As the Court found, Defendant showed by a preponderance of the evidence that the amount in controversy exceeded $75,000.00. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

The summary judgment evidence establishes that Defendant paid for damages to the vehicle hit by the sign and for the broken window. The remainder of the damages sought to be recovered are not covered by the policy. Damages to the sign itself and costs to repair it fall under the "your work" exclusion. Travel costs and loan costs are purely economic damages that do not constitute "property damage" under the policy. Further, they are consequential damages of the faulty installation of the sign, which is not "property damage" under the policy. There is no basis for Plaintiff's claim for bad faith denial of coverage.

[2] In fact, the declaration itself does not irrevocably limit Plaintiff's damages.

## V. CONCLUSION

For the reasons discussed, Defendant's motion is **GRANTED**; Plaintiff **TAKE NOTHING** on its claims against Defendant; and, such claims are **DISMISSED WITH PREJUDICE.**

**SO ORDERED** on this **16th day** of **October 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE